Good morning. May it please the court. I am Kevin Funk with the law firm of Direct Crump on behalf of the appellants Ron and Terry Bradley, William Earhart, and Ryan Madison. Your honors, the judgment of the district court affirming the damages and the finding of contempt against my clients must be reversed for two reasons. First, the Bradleys in their counsel did not violate the discharge injunction of 524 by prosecuting the Minnesota State Court action for the purpose of recovering from the Minnesota Contractor Recovery Fund or the MCRF. But second, even if the Bradley's in their counsel did commit a technical violation of 524's discharge injunction, the contempt power of the court and the imposition of damages in this case were not warranted. What are you calling if there's a technical violation? Do you consider filing a lawsuit asking for a recovery against the discharge debtor to be a technical violation? We don't consider that to be because... You said if it is. I want to explore that with you. If it is, what is a technical violation, which you consider if it is, what is that technical violation? I think the court may find, as did the court below and the bankruptcy court, that not going back to the bankruptcy court to get a modification of the discharge injunction was a violation... You said a technical violation. Well because, well again, we don't think it is, but if you find it to be, as the bankruptcy court did... If it is a violation, if it is a violation, why is that violation a technical violation, not just a violation that the court can punish? Well because there was no, there was no real desire to collect personally from the debtor. Do we view that for abuse of discretion? I believe that there is, it's a mixed question, because the filing of the complaint and the answer admitting that the sole purpose of the state court action... I know what I'm asking, what is our review? We review it in the imposition of the sanction. Is that an abuse of discretion? And then you'd have to look at questions of facts that support that for some other basis. If the court finds that there was a violation of the discharge injunction, it is an abuse of discretion standard to review the award of sanctions. It is a de novo review. Well then why couldn't any court look at the complaint? In the complaint, aren't you limited by the statute for a $50,000 recovery from the fund in Minnesota? Yes your honor. And didn't the complaint seek more than $50,000 in damages? The complaint did seek an attorney's fees award. I'm going to get to that. I'm talking about actual named damages. Didn't the complaint seek more than $50,000? I believe it did seek about $54,000. I think it's $58,000. It's $58,000. But it exceeds the payout cap of the fund, correct? Yes. And you also, the complaint seeks attorney's fees, correct? That's correct. And the statute caps at $50,000? Yes. And does not allow attorney's fees? That's correct. Why then couldn't a court, couldn't a court, if the court wanted to, or any court looking at that, find that that was seeking some personal liability on the part of the discharged debtor? No, I don't believe the bankruptcy court could find that. Why couldn't you? Because there's two different things. The issue here, you've got an ad damnum clause that asks for the court to establish the damages that the Bradleys incurred. Right. But on the first page of the complaint, the Bradleys stated that the sole purpose was to collect from the MCRF. I understand that. But that's the kind of stuff that gets litigated later as to what the court can award and can award and what you're asking for and what you're not asking for. If there's a technical violation, is it a violation on the part of the lawyers who drafted the complaint seeking damages and seeking attorney's fees beyond what they're allowed under the statute? I don't think that that makes it a violation. It is a violation. Do you think that falls on the lawyers or falls on the lay people? I think that it would fall on the lawyers because it would result in a technical, it results in a distinction between what the Bradleys intended. What if the Bradleys intended only to collect from the fund but the lawyers had asked for $3 million? Would that be a technical violation in your view? I don't think it would be a violation as long as they made the disclaimer. Because again, I think there's a distinction between asking the court to make a finding of damage and then saying, but the only thing I'm ever going to do with this is to take it to the Minnesota Contractor Recovery Fund and seek my statutory cap. Right, but an intentional act or a willful act does not require bad faith. That's correct. So you just have to do something intentionally, right? That is the Fourth Circuit standard for willful. And so I think what happened here was there was no violation because they specifically disclaimed any intent to do anything beyond take this to the Minnesota Contractor Recovery Fund and ask to get their award. I think the court was required to take them at their word, notwithstanding their pleadings asking for additional money and asking for recovery of attorney fees. The court was obligated, had to accept their representation. Isn't that the gravamen of your argument here? No, Your Honor. What they are obligated to accept is the admission of the debtor. And that's what makes the amended complaint and the answer together a dispositive issue. Because the amended complaint said this is all we are going to do. And I think if the story stopped there, the court could make further inquiries. But the story doesn't stop there. They stated that the sole purpose was to collect from the MCRF and then the debtor admitted that allegation in his answer represented by counsel. And so once he makes that admission under Minnesota procedural law, that stands in the place of any further evidence on the point of what the intent of the Bradleys was. And we cited some Minnesota case law on that point. So the bankruptcy court was prohibited from going any further as to what the Bradley's intent was once the debtor admitted that allegation in the amended complaint. I can't find it right now in the amended complaint. What was your prayer for relief? Did it have that in any other relief that's appropriate? I just can't find it. Did it say that? I have to take another look at it. I don't know off the top of my head. I know it broke it out by count because there was a negligence. There was a breach of warranty. And it had separately identified. You don't know. We'll look at the record. Thank you. Even if their sole intent was to collect from the fund, you still have the problem that they didn't go to court to ask permission. No, Your Honor, I don't think that's a problem. The only circuit court case that I have found on point that addresses this and it's holding is Green v. Welsh. And that was the Second Circuit case that we cited in our reply brief. And in that case, the Second Circuit held that modification of the discharge injunction was not necessary to maintain a suit nominally against the debtor to go after the insurance. Well, that's different. There's a contract. And why should the third party be penalized, third party seeking to recover when there's existence of an insurance contract that provides liability coverage? Why should a third party be penalized simply because a party to the contract is in bankruptcy? The premiums have been paid. The contractual liability is there. That's a totally different situation than what we have here. Your Honor, I don't see it as being a totally different circumstance because it's a similar situation. The recovery fund in Minnesota is set up, funded with taxpayer dollars. It's there for people who are harmed by the actions of a contractor. And why should the citizen's ability to go after that fund set up for Minnesota citizens be impacted by a contractor who goes bankrupt? So I don't see, and I know the district court made that distinction, but I don't think the fact that it arises out of contract makes it any different when a state sets up a fund to collect. Let me ask you something different. You have to have at least a measure of sympathy for what occurred here in terms of your client. They received arguably a bad job at the hands of their contractor. They then hired a lawyer to see what they could do. They went on the lawyer's advice, and then they not only out the money, but then they have to pay lawyer's fees, and then they get this whopping fine of $30,000 all because they wanted to do a few repairs to their house. Yes. You know, I understand. If you were writing the opinion of the court, how would you get them out of it? Given the bankruptcy laws, given the definition of an intentional act, given and assuming that we don't accept your insurance analogy, what rationale and how would you deal with the fact that they asked for more than the contractor fund allowed? If you were writing the opinion, how would you deal with those issues? Your Honor, I would argue that 524 only prohibits attempts to make a judgment a personal liability, and the debtor admitted in his answer that the Bradley's sole purpose was to collect from the MCRF. So if they asked for a million dollars... You aren't limited by that, because I've looked up the amended complaint. Yes. And you do ask for, you ask for that over, I think it's over $58,000, specific dimension damages, cost and disbursements, reasonable attorney's fees, and you add awarding plaintiffs any such other relief as the court deems just and equitable. Mm-hmm. Let me ask you, that doesn't limit you. We have these arguments all the time about what somebody's really seeking in a lawsuit when they ask for any other relief that may be awarded. Is that equitable? Is that legal? We have those arguments all the time. What would happen if the court, looking at this, says, I have looked at that statute and I think I have broad equitable powers and I'm going to award you over $50,000? Mm-hmm. Then the lawyers for the plaintiffs would have said, dear God, do not give us that money that we asked for. Please don't do that. They would have said that? No. Because you've asked the court to do it. So why doesn't that expose... Now, the court could be wrong in doing that, but you could still get a judgment against the discharged debtor, notwithstanding his understanding of what the plaintiffs were seeking, that would impose liability beyond $50,000 and would impose liability on him. Isn't that at least possible? It's very possible that the court would make an award more than the statutory cap based on the ad damnum, but I don't think that changes the debtors... It doesn't change what the Bradleys could do with it. They could never do any more... You don't know about that. That's what you're saying now, but I would suspect that if somebody got an award of, say, if the judge entered the order and said, I've looked at the statute, I think courts have interpreted the statute incorrectly and you entitled to more money. I'm giving you everything you asked for plus another $15,000. Mm-hmm. Then there would be litigation about whether or not that was collectible if the plaintiffs wanted to pursue it. And they would clearly violate the discharge injunction under that, and that's what the gravamen R argument really is. It only comes about after they've won the lawsuit? After they win the lawsuit, Your Honor, under these recovery funds, you then take it to the recovery fund and they only write you a check for $50,000. So it didn't matter if it was $1 million. Well, that's fine for you to say that, but is that imposing liability on the potential for imposing liability on a discharged debtor by way of this lawsuit? It seems to me clearly it is. Well, it wouldn't. Because if you've docketed the judgment, you have a right to come back later and collect on it. And, Your Honor, there was testimony that they never intended to docket the judgment and they didn't need to docket the judgment. In Minnesota, there are two indices. There's a judgment index and a... That all sounds fine after the fact to say that, but, by the way, if they had different lawyers, they may... Some other lawyer may advise them and go, you know, I'm talking about after the trial. You won that money, and we think the judge is correct. It's a fair reading of the law. You go docket that judgment and you have a claim against him. And even if you don't try to collect it, it still may affect his creditworthiness and other things. It seems to me you're making a great argument to look at it after the fact and what may have happened, but that is not what anybody is bound to under the law beforehand. Thank you. My time is up. Yes, thank you. Thank you very much. Uh, Mr. Hall? If it please the Court, Richard Hall, Appearing Counsel for the Appellant. I have to confess, Your Honor, that all this talk about nervousness in the prior case has, in fact, made me a little nervous. In any event, Your Honor... We sent a dog out to set you apart. To see if there are any cases left in there, you should argue that you haven't. Thank you, Your Honor. Thank you for that reassuring. Mr. Funk, I'm going to start with what Judge Keenan's question suggested. Why shouldn't we find in this case that the Court abused its discretion in awarding sanctions of 30-some thousand dollars when it is the most painfully, pitiful circumstance you can imagine? You get your house fixed, they don't fix it, you get a contract, you don't get your house fixed, and then you spend all the money, and then you wind up getting 30,000 dollars against you. Isn't that over the top? Given the fact that, and counsel called it technical, but technical or not, in the long scheme of things, they were trying to get money from a generous Minnesota fund that helped poor people, not poor, I mean, beset people in circumstances like this. Isn't that just too much money? Your Honor, I often reflect that if everyone does everything they should do perfectly, I wouldn't have much business. I agree, I agree. And the same thing for the Court as well. We have to adjudicate things with imperfection. My answer to your question is this. The appellants, the Bradleys in this case, had their hand on the switch at all points. They could have done what is usually the case. They could have gone to the bankruptcy court and simply asked to modify the stay. That's what normally happens. I mean, since this case was And we know that because the Court actually did what they could have asked for even after giving the sanctions against them. That's absolutely correct. Right. And, but yet they carried it, and Mr. Fisher, in the litigation before it went to bankruptcy court, asked that they stop, but they didn't do it. So they carried it forward. They might have, at any point, stopped and short-circuited all of these damages. But if you don't award damages to the debtor in this case, the debtor, in this case and in all other cases, is in a no-win position. Because he has to go forward and be in court and defend his discharge and pay the attorneys for doing that. Pay the cost of doing that. If he's not recompensed for that cost, if he's not insured against that cost, then in many cases, he may well say, it's just not worth the cost to me or I can't afford it. I just have to let fate take its course and hope that, you know, I'm blessed in some way. Well, it sort of frustrates the purpose of the bankruptcy code and the discharge if the debtor who's discharged is then still subject to collection efforts. That he, and by the way, we're talking about laypeople. You get sued by somebody asking for $58,000 in attorney's fees. They thought you had some protection from the bankruptcy code, but you've got to do something to protect yourself. You have to do something as well, don't you? That's true, your honor. And one of the changes in the 78 revision of the code from the act, in the act, you didn't have that particular aspect of the 524. You didn't have an injunction. If you were, you could be sued in state court on a discharged claim and you would have to go into court and raise the discharge as a defense. Now, to prevent that sort of abuse or as they saw it in abuse, they, they revised that section and put it in the code that there was an injunction against asserting a claim. Particularly, as in this case, an injunction against filing a complaint or issuing process. Your honors, I wanted to point out something if I could. There is a dispute between counsel and I about the record and this places a great burden on you and I'm sorry for it to look at the record carefully and see who is right, if you will. This morning, as it would happen, in going through this, I saw an error in the record. The transcript made from the court was, was incorrect and later, Judge Mayer went back and had an amended transcript drafted but somehow and I apologize, it's my fault for not seeing it, the unamended transcript made its way into the record and I don't know how to present it to you but on page 444 line 1 where Judge Mayer indicates that there was an objective standard he meant subjective standard and that appears in the amended transcript which is what I was working with all through the case. You can see from the context that he really meant objective and not subjective. Who is the award against in this case? It is against all of the parties, your honor. And that would be the homeowners and who else? That would be Mr. Earhart and the Bradleys are the homeowners. They are the homeowners. And who are the other two? The other two are the attorneys who handled the case. What happens in this case is and it certainly is I think my colleagues have said it and I agree it really is sort of a bad thing for the poor homeowners who are trying to just get somebody to be responsible for what happened to them as they see it and then they do some work and I think it's the case that the lawyers at the fund suggest to them their complaint needs to be redone but they still don't quite get it right when it would have been easily reconciled with the law by just having lawyers approach the bankruptcy court. Just in you know being sure you are doing everything right but the bottom line is these folks have lost maybe because of what the lawyers did in the legal documents but the lawyers are responsible on this this award as well aren't they? That is true your honor and that may be a claim that might be adjusted or should be adjusted between the parties but the lawyers are acting as I would suspect it would be I don't know I would suspect as well but in terms of who is liable the appellants the Bradleys are liable for the actions of their agency attorneys and Mr. Bradley is an attorney actually and he had drafted the first complaint and he is not a novice or a lay person true I will admit that none of the parties here had any experience any significant experience in bankruptcy law and they admitted that in the transcript they believe that Minnesota law allowed them to do this I would like to raise another point that was argued by my colleague but I want to take back one point so you see it as although you might not acknowledge this those homeowners pursuing some remedy I mean they are just trying to get some relief they think they are entitled to but you sort of see that on any circumstances you have to balance that off against the discharge debtor who followed the law who did follow the law and found himself in a position of having to defend the lawsuit that's correct but I would resist also the notion that these are innocent homeowners in a sense they went after Mr. Finaworth Hammer and Tong that doesn't mean they are not innocent in a sense they might be aggressive they were aggressive that would be a better characterization of it your honor they pursued the judgment against his father who Mr. Bradley admitted he had no claim against and that was used by the attorneys as leverage in the case the point is if somebody feels like somebody is not responding to them and they don't have any remedy some people are aggressive that's very true your honor you were going to make some other points you said yes your honor much is made of the admission in the answer to the Minnesota complaint particularly the admission that Mr. Fina admitted paragraph six I want to first say this was an issue not raised in the bankruptcy court nor raised in the district court so there's nothing in the record that would show what Mr. Fina's intent was etc but the law is I'm afraid overstated in that case they rely on the case of Phelps versus Benson out of Minnesota and a closer reading of Phelps versus Benson indicates that what the court actually said was that an admission in this case it dealt with what we would call in federal practice requests for admission an admission or an admission in an answer to a pleading stands as a position but it also says until some other some action is taken that apprises the court and the adversary that the litigant wishes to that's what happened here certainly by the time Mr. Fisher the bankruptcy attorney apprised Mr. Earhart that there was a bankruptcy issue here but I would say this is a 1958 case and it's a little quaint in a way because what the court says just prior to that paragraph is that you know it's a shame but pleadings aren't given quite the weight that they used to in our case and it doesn't say entirely what's been presented here it says more Axel I remember we had the read on rule where something seemed to say something in the first part of the paragraph and said something else later on paragraph 6 actually says and this was noted by the court that they're attempting to that they're their sole intent is to pursue the contractors recovery fund and that Minnesota law allows them to sue the debtor whether he's gotten a discharge or not and as Judge Mayer said in his opinion announcing his opinion that on its face is ambiguous I mean what do you do with that are you saying that Minnesota allows you to trump bankruptcy law and sue the debtor so what does that mean it's not simply saying we're only going against the contractors recovery fund and I think and I'm sorry I forget which of you raised the point it's not only no what it says I think hurts you it seemed to me I'm talking about now the lawyers defending the released debtor you asked to admit that under Minnesota law discharge not understanding they can prosecute this and you admitted that's an admission well it's stipulated as a point of law that you will not contest at trial but they rely on this Minnesota case to say that and what the Minnesota case actually says it doesn't matter what it says you agree with it well right they admitted yes you agreed with it it means it will not be an issue of fact or law at trial issue doesn't have to be joined on that because it is concluded so this $31,000 you know that went up it seemed to me if I was counsel to the debtor I would say listen counsel there is a discharge and there is an injunction against any suit like this and I would ask you to cease and desist this suit right now was that done yes Mr. Fisher wrote Mr. Earhart a letter in the summer of the year prior to where this went to bank this was after your admission yes this was after that go ahead I'm sorry go ahead Mr. Fisher wrote the appellant's counsel a letter and said this happened the parties went to mediation and the mediator said wait a minute there is a discharge here what are we doing here in court why are you being sued you need to contact your bankruptcy counsel and see if they can actually do this so the appellee Mr. Fina contacted Mr. Fisher who was his original bankruptcy counsel and Mr. Fisher wrote a letter to Mr. Madison which was forwarded to Mr. Earhart and the counsel    if you want to know about this law please let us know and at that point soon after that point Mr. Fina ran out of funds his Minnesota counsel went through and Mr. Earhart wrote a letter to Mr. Fisher at the bottom of that letter there's notice saying this is an attempt to collect a debt all this adds to the debtor's reasonable apprehension that he's going to lose something from his discharge but let me answer a question you didn't ask but I think you might be interested in simply does the admission in paragraph six settle the matter for the debtor it does not suppose we admit or agree that that was the only intent the appellants had is a debtor not still damaged is his credit not still hurt is his discharge still not damaged in some way it is it is the debtor has more to worry about than what their intent is I think that point is well taken my question was to the point that you you're entitled to court for thirty one thousand dollars but you must admit that they borrowed themselves through their counsel to the way they were defended you see to me I wouldn't have answered any admission I would have gone to the bankruptcy court and said listen this is what's happening here and I want an injunction in a perfect world but look what happened when they did look what happened that finally occurred litigation litigation so it's inescapable I think in the end I'm just trying to clarify is the amount of the award being challenged or just the fact of the award the well probably the appellant could speak better to what they're challenged than I can but I thought you might know what I would not I can answer your question certainly your honor they're challenging well simply everything they can they're saying that the court was wrong in finding that this was a violation of 524 a2 are they challenging the formulation of the total of the amount of the award not that I can perceive no your honor I'm sorry I misunderstood I think we understand your position unless you have something further I have nothing further your honor all right thank you thank you Mr. Polk you have   a question on 524 the discharge injunction from the automatic stay of section 362 362 is a very broad injunction against any act while the debtor is under the protection of the court and congress gave a very      while the debtor is under the protection of the court and congress gave a very broad injunction debtor is under the court   gave a very broad injunction against any act while the debtor is under the court and congress
judges: Roger L. Gregory, Dennis W. Shedd, Barbara Milano Keenan